PEOPLE ex rel. JOYCE v. NEW YORK MAGDALEN BENEV. SOC.

(Supreme Court, Special Term, New York County. January, 1903.)

1. CRIMINAL LAW—COMMITMENT OF FEMALES.

Under Laws 1886, c. 353, a city magistrate in New York may commit a female over 12 years old who is found to be in danger of being morally depraved, and who has not been an inmate of the penitentiary, to either of the three institutions named in such act, but cannot commit her to the New York Magdalen Benevolent Society or any other institution.

Application by the people, on the relation of Louise Joyce, for a writ of habeas corpus to the New York Magdalen Benevolent Society. Writ sustained, and prisoner discharged.

R. J. Robeson, for relator.

M. C. Addoms, for respondent.

GILDERSLEEVE, J. This is a writ of habeas corpus to review the commitment, by a city magistrate, of one Louise Joyce to the New York Magdalen Benevolent Society, "during her minority, unless sooner discharged by the trustees or managers thereof." It appears from the commitment that the relator is a girl of 18 years of age, and was charged by her mother, before the magistrate, with "being found the associate of prostitutes, living with a man not her husband, and in danger of becoming morally depraved." The commitment further recites that she was found guilty of being "in danger of becoming morally depraved," but is silent as to the other features of the charge above quoted. The commitment also states that the relator "has not been an inmate of the penitentiary," and that she was committed, as aforesaid, in virtue of the provisions of chapter 410 of the Laws of 1882, as amended by chapter 353 of the Laws of 1886.

This statute reads as follows, viz.:

"Whenever any female, over the age of twelve years shall be brought by the police, or shall voluntarily come before a committing magistrate in the city of New York, and it shall be proved to the satisfaction of such magistrate by the confession of such female, or by competent testimony that such female is * * * frequenting the company of * * * prostitutes, * * * or is willfully disobedient to parents, * * * and is in danger of becoming morally depraved; * * * and has not been an inmate of the penitentiary, such magistrate may judge that it is for the welfare of such female that she be placed in a reformatory, and may thereupon commit such female to one of the following reformatory institutions, viz.: * * * Every commitment * * * shall also state the term of the commitment, which, if the female so committed is an adult, shall be six months, or, if such female is a minor, during her minority, unless sooner discharged by the trustees or managers of such institution, provided, however, that no commitment made under this act, which shall recite the facts upon which it is based, shall be deemed or held to be invalid by reason of any imperfection or defect in form."

While the rule is well settled that, where a magistrate of this city had jurisdiction of the charge and authority to impose the sentence, the Supreme Court will not review the conviction upon writs of habeas corpus or certiorari, still, if the statute does not confer upon

the magistrate the power to commit the relator to this particular reformatory institution, such commitment should not be allowed to stand.

In the case at bar it appears that the relator is willfully disobedient to her mother, who made the charge upon which she was committed, and is in danger of becoming morally depraved. The magistrate, therefore, had jurisdiction of the charge, under the statute above quoted. This statute, however, does not specify the "New York Magdalen Benevolent Society" among the institutions to which the magistrate could commit the relator, under the charge upon which she was found guilty. The nearest approach to that name is the "Magdalen Female Benevolent Asylum and Home of Fallen Women," but no reason is here shown for supposing that that institution is the same as the "New York Magdalen Benevolent Society."

Section 707 of the charter (Laws 1897, c. 378), as urged by the counsel for the society, provides that if a person, convicted on a charge of vagrancy, be a prostitute between the ages of 16 and 21, the magistrate may commit her, for not more than one year, to the "New York Benevolent Society." The relator, however, was not convicted of vagrancy. She was expressly committed, as shown by the commitment, under the provisions of Laws 1886, c. 353, which provides, as we have seen, that where the female is willfully disobedient to her parents, and is in danger of becoming morally depraved, she may be committed to one of certain specified reformatory institutions. The commitment shows, as already stated, that the charge was made by the mother, and the exact language of the finding of the magistrate as to the facts is as follows, viz., "that the said female * * * on that day last aforesaid [i. e., October 17, 1902] was in danger of becoming morally depraved, in violation of the laws aforesaid, [i. e.] chapter 410 of the Laws of 1882, as amended by chapter 353 of the Laws of 1886."

No consideration of the benefit to be derived by the relator herself, by being compelled to remain in the care of the New York Magdalen Benevolent Society, can be given weight here, as the sole question to be determined is that of the authority of the magistrate to impose the sentence. The statute gave him the power to commit the relator to one of three specified institutions, and he exceeded his authority by committing her to another institution not mentioned in the statute. The writ must be sustained, and the prisoner discharged.

Writ sustained, and prisoner discharged.